CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Lloyds of London



FILED
DISTRICT COURT OF GUAM
APR 07 2004
MARY L. M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONKO REYES, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>LLOYDS OF LONDON,<br><br>    Defendant. | CIVIL CASE NO. CIV04-00016<br><br>**DEFENDANT LLOYDS OF LONDON'S ANSWER TO COMPLAINT; DECLARATION OF SERVICE** |

"LLOYDS OF LONDON" answers the Complaint as follow:

1. In answer to paragraph 1. of Plaintiff's Complaint, Defendant "LLOYDS OF LONDON" denies each and every allegation contained therein.

2. In answer to paragraph 2. of Plaintiff's Complaint, Defendant "LLOYDS OF LONDON" is without sufficient knowledge or information to form a belief as to the allegation and therefore denies the same.

3. In answer to paragraph 3. of Plaintiff's Complaint, Defendant "LLOYDS OF LONDON" denies each and every allegation contained therein. The subject insurance policy at issue was issued by Certain Underwriters at Lloyds. There is no recognized entity known as

"LLOYDS OF LONDON" as pled by Plaintiff. Certain Underwriters at Lloyd's is a foreign insurer registered in Guam.

4. In answer to paragraph 4. of Plaintiff's Complaint, Defendant "LLOYDS OF LONDON" is without sufficient knowledge or information as to the allegations and therefore denies the same.

5. In answer to paragraph 5. of Plaintiff's Complaint, Defendant "LLOYDS OF LONDON" denies the allegations contained therein. As set forth above, the subject policy was issued by Certain Underwriters at Lloyds. That entity did in fact issue Policy Number NN076210B. This policy provided coverage pursuant to the terms and conditions of the policy and not otherwise. Defendants deny each and every remaining allegation regarding paragraph 5. of Plaintiff's Complaint.

6. In answer to paragraph 6. of Plaintiff's Complaint, Defendant "LLOYDS OF LONDON" admits that on December 8, 2002, the commercial building which the subject of this action was damaged by a typhoon Pongsona. At the time of said typhoon the subject policy was in full force and effect, "LLOYDS OF LONDON" denies each and every allegation in regard to the extent of loss.

7. In answer to paragraph 7. of Plaintiff's Complaint, Defendant "LLOYDS OF LONDON" admits Plaintiff has provided certain information and material as required and requested under the subject policy of insurance. "LLOYDS OF LONDON" specifically denies, however, that Plaintiff at this time has fully complied with all obligations under the policy.

8. In answer to paragraph 8. of Plaintiff's Complaint, Defendant "LLOYDS OF LONDON" admits that Plaintiff has demanded payment in the sum of $682,897.63 as additional coverage under the subject policy. In response to this claim, Defendant "LLOYDS

OF LONDON" has requested information and verification as to other certain amounts. Defendant "LLOYDS OF LONDON" also believes that certain amounts claimed by Plaintiff are not in fact covered under the subject policy. Defendant "LLOYDS OF LONDON" denies each and every remaining allegation contained in paragraph 8. of Plaintiff's Complaint.

9. In answer to paragraph 9. of Plaintiff's Complaint, Defendant "LLOYDS OF LONDON" denies each and every allegation contained therein.

10. In answer to paragraph 10. of Plaintiff's Complaint, Defendant "LLOYDS OF LONDON" denies each and every allegation contained therein.

11. In answer to paragraph 11 of Plaintiff's Complaint, Defendant "LLOYDS OF LONDON" denies each and every allegation contained therein.

12. In answer to Plaintiff's Prayer for Relief paragraphs 1 through 6, Defendant "LLOYDS OF LONDON" denies each and every allegation contained therein.

## DEFENSES

1. Lack of jurisdiction over the subject matter

2. Lack of jurisdiction over the person.

3. Improper venue.

4. Failure to state a claim upon which relief may be granted.

5. Failure to bring an action within the time limited by law.

6. Failure to comply with insurance policy provisions causing the filing of this action to be untimely and premature.

7. Payment of the full amount of Plaintiff's claim as submitted and documented to date.

8. Any further relief or award claimed by Plaintiff is subject to the terms and

conditions of the subject policy.

9. Plaintiff has not fully provided sufficient information, nor documented their loss or fully complied with its obligations under the policy.

10. Defendant "LLOYDS OF LONDON" conduct in regard to the investigation and adjustment of the claim has been reasonable and in compliance with the subject policy of insurance and Guam law. As a result, any extra contractual claims or claims for attorneys fees, costs or interest lack merit.

11. The subject policy of insurance does not set forth an express time period upon which a claim shall be paid. As a result, Plaintiff's claims for attorneys fees and interest lack merit.

12. At no time did "LLOYDS OF LONDON" as named by Plaintiff issue any policy of insurance to Plaintiff.

13. Failure to name a necessary party.

## RESERVATION OF RIGHTS

Defendant "LLOYDS OF LONDON" reserves the right to add additional defenses and make further claims as may be warranted by discovery.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, and raised affirmative defenses, Defendant LLOYD'S prays as follows:

1. That the Court dismiss Plaintiff's Complaint with prejudice and without recovery;

2. For judgment against Plaintiff for all damages sustained by Defendant

LLOYD'S.

3. For a judicial determination of the rights and liabilities of the parties.

4. For such other and further relief as this Court deems fit and proper.

DATED: Hagåtña, Guam, April 6, 2004.

CARLSMITH BALL LLP

_____
DAVID LEDGER
Attorneys for Defendant
Lloyds of London

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on April 7, 2004, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANT LLOYDS OF LONDON'S ANSWER TO COMPLAINT upon Plaintiff's Counsel of record as follows:

    Mitchell F. Thompson, Esq.
    Maher & Thompson, P.C.
    Suite 201, 140 Aspinall Avenue
    Hagåtña, Guam 96910

Executed this 7th day of April 2004 at Hagåtña, Guam.

            _____
            DAVID LEDGER